## EX PARTE JESSE MEDLIN.

No. 11073.   Delivered June 1, 1927.

**Habeas Corpus—Contempt of Court—Not Warranted.**

Where appellant was fined $100.00 and condemned to serve three days in the county jail for contempt of court, for refusing to answer a question propounded to him by the grand jury, which he refused to answer on the ground that to do so would incriminate him, no immunity being offered him, the punishment was unwarranted.   See Sanchez v. State, 85 Tex. Crim. Rep. and other cases cited.

An original application for a writ of habeas corpus, presented to this court, relator seeking his discharge from a judgment of contempt of the District Court of Hardeman County.

Writ granted and relator ordered discharged.

No brief filed for relator.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the respondent.

MORROW, PRESIDING JUDGE.—This is an original application for a writ of habeas corpus.

The relator was called as a witness before the grand jury and asked certain questions which he declined to answer upon the ground that they would incriminate him.   He reiterated this claim before the District Judge and was held in contempt of court.   A judgment of contempt was assessed against him with a fine of one hundred dollars and confinement in the county jail for a period of three days or until such time as he signified his willingness to answer the questions.   No immunity was tendered him, and his incarceration was, in our judgment, unauthorized. The subject is discussed fully in the following cases: Sanchez v. State, 85 Tex. Crim. Rep. 380; Ex parte Copeland, 91 Tex. Crim. Rep. 549; Hughes v. State, 62 Tex. Crim. Rep. 289.

Notice having been given to the respondent to show cause, if any, for the refusal of the application for a writ of habeas corpus, and no reason having been given, the writ of habeas corpus is granted and the relator is ordered discharged.

*Relator discharged.*